# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **PHILLIPS GROUP, INC.,** | : | **Bankruptcy No. 05-23166 BM** |
| | : | |
| | : | |
| **Debtor** | : | **Chapter 7** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **NATALIE LUTZ CARDIELLO, TRUSTEE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Adversary No. 05-3051 BM** |
| | : | |
| **PHILIP CASALE and LORRAINE** | : | **Doc. #11: Defendants' Motion To** |
| **CASALE, and TURAIN ENTERPRISES,** | : | **Dismiss Complaint To Determine** |
| **INC.,** | : | **Validity, Priority, And Extent Of** |
| | : | **Liens And For Other Relief** |
| **Defendants** | : | |

Appearances:   Mary Bower Sheats, Esq. for Defendants
               Bradley S. Gelder, Esq. for Plaintiff

## <u>MEMORANDUM OPINION</u>

Defendants Philip and Lorraine Casale and Turain Enterprises, Inc. have brought a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all four counts of the complaint in this adversary action.  They maintain that none of the counts asserts a claim upon which the chapter 7 trustee is entitled to relief.

The chapter 7 trustee opposes defendants' motion to dismiss.

Defendants' motion to dismiss the complaint in accordance with Rule 12(b)(6) will be denied in its entirety.

## – FACTS –

Debtor filed a voluntary chapter 7 petition on March 17, 2005.  A chapter 7 trustee was appointed the following day.

The schedules accompanying debtor's bankruptcy petition identified assets with a total declared value of $1,022,059.00 and liabilities totaling $2,388,956.01.  Included among the assets was: real property with a declared value of $850,000 in which debtor operated a restaurant; restaurant equipment and supplies with a declared value of $118,557; and a liquor license with a declared value of $50,000.

Defendants Philip and Lorraine Casale were identified as having a claim in the amount of $67,000 arising out of a mortgage lien and a judgment in foreclosure entered on October 12, 2004.  They were also identified as having an unsecured non-priority claim in the amount of $533,000.  Defendant Turain Enterprises was listed as having a claim in an unknown amount in connection with a UCC-1 statement it filed on May 26, 2004.

Defendants Philip and Lorraine Casale filed a timely proof of claim in which they asserted that the real property had a value of $424, 000 and that they were secured creditors in the amount of $783,530 as a result of their mortgage lien.

Defendant Turain Enterprises also filed a timely proof of claim in the amount of $30,000 in which it claimed to have a secured interest in debtor's restaurant equipment and fixtures.

The chapter 7 trustee commenced this adversary action against Philip and Lorraine Casale and Turain Enterprises on September 20, 2005.

According to the trustee, debtor (or its assignor) entered into an agreement with Turain Enterprises on June 20, 2001, to lease real property on which debtor was to operate a restaurant.  The agreement contained an option to purchase the real property.  That same day, debtor entered into an agreement to purchase the liquor license for the restaurant from Turain Enterprises.

The chapter 7 trustee further alleges that debtor subsequently exercised its option and purchased the real property from the Casales on January 7, 2004, for the sum of $847,225.  Debtor paid the sum of $220,000 in cash to the Casales at the closing.  It also delivered a promissory note in the amount of $600,000 and executed a mortgage in favor of the Casales to secure repayment of the note and agreed to cancel a set-off in the amount of $27,225 to which it was entitled under the lease agreement.

That same day, debtor purchased certain restaurant equipment from Turain Enterprises for the sum of $30,000.

Pursuant to their agreement to purchase the liquor license from Turain Enterprises, debtor deposited the sum of $50,000 on January 7, 2004, into an escrow account under the control of defendants' attorney.  The agreement provided that debtor would apply for the transfer of the license to it by no later than March 30, 2004.  When debtor failed to meet this deadline, defendant Philip Casale physically removed the liquor license from the restaurant and retained possession of it.

The chapter 7 trustee further alleges that the Casales commenced an action in foreclosure against the property in state court on May 12, 2004, two days after debtor

ceased operating the restaurant.  On October 13, 2004, approximately five months before

debtor filed its chapter 7 petition, judgment was entered in the foreclosure action in favor

of the Casales in the amount of $30,389.67 plus costs.

In Count I of the complaint, the chapter 7 trustee seeks a determination

concerning the validity and extent of the Casales' mortgage lien in accordance with

§506(b) of the Bankruptcy Code.  The underlying promissory note and judgment, the

trustee asserts, were merged into the judgment as a matter of law, thereby reducing the

amount of the Casales' mortgage lien to $30,389.67, the amount stated in the above

judgment.  The trustee seeks a determination that the mortgage lien of the Casales is

limited to this amount plus the legal rate of interest and costs incurred by the Casales.

Count II of the complaint is brought in addition to Count I or as an alternative to

it to the extent Count II would provide greater relief than the relief provided by Count I.

According to the trustee, the difference between the total price debtor paid for the real

property and its reasonably equivalent value constituted a fraudulent transfer under

Pennsylvania law.  The trustee seeks an order reducing the amount owed to the Casales

for the real property to its reasonably equivalent value.

The chapter 7 trustee alleges in Count III of the complaint that debtor did not

execute a written security agreement granting Turain Enterprises a secured interest in the

equipment it purchased from Turain Enterprises.  She seeks a determination that Turain

Enterprises consequently does *not* have a secured interest in the equipment in question.

The chapter 7 trustee asserts in Count IV of the complaint that, according to the

liquor license sale agreement, funds placed in escrow could be applied to certain costs

associated with the liquor license in the event debtor failed to make application to have the liquor license transferred to it by Turain Enterprises by March 30, 2004.  Counsel to defendants allegedly advised the trustee that all but $3,460 of the $50,000 placed in escrow had been expended and that the remaining amount would be used to pay counsel's fees.  The trustee requests an order directing Turain Enterprises to provide an accounting of the funds placed in escrow and requiring the turnover of all amounts defendants improperly deducted from the escrow account.

Defendants subsequently brought a Rule 12(b)(6) motion to dismiss all counts of the complaint.  Oral argument was heard on the motion and it is now ready for decision.

## – DISCUSSION –

Defendants contend that all four counts of the complaint must be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6)[1] because they fail to state claims upon which the trustee can be granted relief.

When considering a Rule 12(b)(6) motion to dismiss, we must treat all factual allegations of the complaint as true and make all reasonable inferences that can be drawn from them. *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001).  We need not, however, treat as true "unsupported conclusions and unwarranted inferences". *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.), *cert denied*, 522 U.S. 977, 118 S.Ct. 435, 139 L.Ed.2d 335 (1997).

---

[1] Federal Rule of Civil Procedure is made applicable to adversary actions by Federal Rule of Bankruptcy Procedure 7012(b)

We may not "assume that the [plaintiff] can prove facts it has not alleged".

*Associated General Contractors of California v. California State Counsel of Carpenters*, 459

U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).  Legal conclusions, whether

alleged or inferred, also need not be regarded as true. *Kost v. Kozakiewicz*, 1 F.3d 176,

183 (1993).

The question when considering a Rule 12(B)(6) motion is whether the facts

alleged in the complaint, even if treated as true, fail to support the claim asserted.

Dismissal is appropriate only if it is manifestly obvious that no relief can be granted under

any set of facts that can be proved which are consistent with the allegations in the

complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d

59 (1984).  The issue is not whether plaintiff will be able to prevail on the claim at trial;

it is whether plaintiff is entitled to an opportunity to present evidence in support of the

claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236,94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## – COUNT I –

The trustee seeks a determination in Count I that, notwithstanding the stated

amount due under the promissory note and mortgage, the amount of the Casales

mortgage lien is limited under Pennsylvania law to the amount of the judgment entered

in their favor in the mortgage foreclosure action – i.e., $30,389.67.  The note and

mortgage, the chapter 7 trustee asserts, were merged under the so-called "merger

doctrine" into the amount set forth in the judgment.  The amount due under the note and

mortgage were extinguished by the judgment.

Defendants concede that the outstanding amount due under a note and a mortgage generally merge into and are extinguished by a judgment in foreclosure. *In re Stendardo*, 991 F.2d 1089, 1094-95 (3d Cir. 1993). They go on to assert that the same case, however, also recognizes an exception to the general rule, which exception defendants insist applies to this case.

The stated exception is as follows:

> Parties to a mortgage may rely upon a provision post-judgment if the mortgage clearly evidences their intent to preserve the effectiveness of that provision post-judgment.

*Id.*, 991 F.2d at 1095 (citing *In re Presque Isle Apartments*, 112 B.R. 744, 747 (Bankr. W.D. Pa. 1990)).

Paragraph 24 of the mortgage operative in this adversary action provided as follows:

> Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

Defendants maintain that debtor, in whose shoes the chapter 7 trustee stands in this context, waived in paragraph 24 the right to assert that an error or defect occurred in the proceeding to enforce the mortgage lien in favor of the Casales.

According to defendants, the amount of the above judgment – i.e., $30,389.67 – is incorrect. They claim that it represents only the amount of the arrearages due when the judgment was entered instead of the accelerated amount due under the mortgage and note as a result of debtor's default.

- 7 -

From all of this defendants evidently would have us conclude that debtor, and thus the chapter 7 trustee, waived the right to seek a determination in this adversary action that the amount of the mortgage held by the Casales is limited to only $30,389.67. It further follows, defendants continue, that the chapter 7 trustee is not entitled to any relief with respect to Count I of the complaint and that it therefore must be dismissed.

This argument lacks merit.  Count I will not be dismissed pursuant to Rule 12(b)(6).

The usual practice when deciding a Rule 12(b)(6) motion is for the court to consider only the facts alleged in the complaint along with any exhibits attached to the complaint and matters of public record. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998).  This rule is not, however, iron-clad.

A court may consider a document which is not attached to the complaint but whose authenticity is not disputed, provided that plaintiff's claim is based on the document. *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  This exception prevents a plaintiff with a legally deficient cause of action from avoiding dismissal by the expedient of failing to attach to the complaint any document upon which its cause of action depends. *Id*.

Defendants have proffered a copy of the above judgment in the amount of $30,389.67 as support for their Rule 12(b)(6) motion.  Notwithstanding its obvious importance for Count I, the chapter 7 trustee had not attached a copy of it to the complaint.

- 8 -

Standing alone, the judgment does not warrant dismissal of Count I of the complaint. It merely indicates that a judgment in the amount of $30,389.67 plus interest and costs issued in favor of the Casales on October 14, 2004. Perhaps recognizing this, defendants go on to assert that the amount of the judgment is in error. As was noted, they claim that this amount represented only the arrearages owed when the judgment issued, not the accelerated amount due under the promissory note and mortgage. Relying on this purported error, defendants further contend that paragraph 24 of the mortgage applies and establishes that no recovery in favor of the chapter 7 trustee is possible with respect to Count I.

This reasoning is flawed. Nowhere in the complaint does the chapter 7 trustee assert that the amount of the judgment is erroneous. The only suggestion that it is erroneous is found in defendants' brief in support of their Rule 12(b)(6) motion.

We may not utilize defendants' assertion in deciding the present motion. A court may not when considering a Rule 12(b)(6) motion go beyond the complaint, any documents on which the cause of action is based or matters of public record and rely on facts supplied by one of the parties in a brief. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1424-25 (3d Cir. 1997). Whether what defendants claim concerning the judgment is correct will have to be determined at a later time.

It follows straightaway that we may not at this time determine whether paragraph 24 of the mortgage is material in deciding Count I of the complaint. Because we may not do so, we have no basis for concluding at this time that the chapter 7 trustee

- 9 -

is not entitled to any relief with respect to Count I and that it therefore must be dismissed at this time.

## – COUNT II –

Count II is brought in addition to Count I and, to the extent that Count II would provide greater relief for the trustee than Count I, as an alternative to Count I of the complaint.

According to the chapter 7 trustee, debtor paid a total of $847,225 to purchase the above real property from the Casales. This total was comprised of: (1) $220,000 in cash paid to the Casales at the closing; (2) a promissory note and mortgage in the amount of $600,000; and (3) cancellation of a credit in the amount of $27,225 to which debtor was entitled under its lease agreement for the restaurant.

The chapter 7 trustee asserts in Count II that the difference between the price debtor paid for the real property and its reasonably equivalent value amounted to a fraudulent transfer for purposes of 12 Pa. C.S.A. §§ 5104(a)(2) and 5105[2] and consequently is avoidable in accordance with 12 Pa. C.S.A. § 5107 and 11 U.S.C. § 550 (a) (1). The trustee seeks a reduction in the amount debtor owes to the Casales to the reasonably equivalent value of the property as well as a judgment in the amount by which the reasonably equivalent value of the property exceeds the amount of the above judgment in foreclosure in favor of the Casales – i.e., $30,389.67.

---

[2.] Although perhaps inartfully drafted, the language utilized in Count II of the complaint closely tracks the language employed in § 5104(a) as well as § 5105. Despite not expressly so stating, the trustee's use of key language from both provisions indicates that recovery in Count II is based on both provisions.

Section 5104 of the Fraudulent Transfer Act as enacted in Pennsylvania provides in part as follows:

> (a) **General rule. –** A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:...
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa. C. S. A.  § 5104 (Purdon's 1999).

Section 5105 of the Act provides as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer or obligation.

12 Pa. C. S. A.  § 5105 (Purdon's 1999).

Common to both provisions is the requirement that debtor made a transfer or incurred an obligation without receiving reasonably equivalent value in exchange for the transfer of the obligation.  Absent proof of this, recovery may not be had under either of these provisions.

Defendants' argument in support of dismissing Count II is difficult to follow, and at times is virtually impenetrable.

As we understand it, defendants assert that the chapter 7 trustee is not entitled to any relief with respect to Count II of the complaint because, by the chapter 7 trustee's own words, this common requirement is not satisfied.   According to defendants, the chapter 7 trustee maintains in Count II of the complaint that the value of the real property debtor purchased ($424,000) exceeds the value of the amount debtors paid for it ($220,000).   Defendants' argument misconstrues the basis on which the chapter 7 trustee seeks to recover in Count II of the complaint.   Not only do they misstate the trustee's allegation concerning the amount of the transfer from debtor to the Casales, they also mischaracterize a statement made by the trustee in the complaint concerning the reasonably equivalent value of the real property debtor purchased.

According to defendants, the amount of the alleged transfer from debtor to the Casales was $220,000.   As was noted, the chapter 7 trustee alleges that debtor paid $220,000 in cash at the closing.   They also granted the Casales a mortgage in the amount of $600,000 and waived a credit in the amount of $27,225 to which debtor was entitled under the lease for the restaurant.   These three amounts total $847,225.

Defendants' contention that, according to the chapter 7 trustee's own words, debtor transferred only $220,000 to the Casales at the closing is incorrect.   According to the chapter 7 trustee, the transfer debtor made to the Casales totaled $847,225.   All three components of this total may qualify as transfers for purposes of the Fraudulent Transfer Act.   The term "transfer" is defined for purposes of the Act as including *every* mode, whether direct or indirect, absolute or conditional, voluntary or involuntary, of disposing

- 12 -

of an asset or an interest in an asset.  Payment of money, release and creation of a lien

or other encumbrance qualify as transfers. 12 Pa. C.S.A.  § 5101(b) (Purdon's 1999).

Bearing this definition of transfer in mind, we are constrained to conclude that

defendants have misstated the amount of the alleged fraudulent transfer the chapter 7

trustee seeks to avoid in Count II of the complaint.  It includes not only the cash debtor

paid to the Casales at the closing ($220,000), but also the release of the credit to which

debtor was entitled ($27,225) and the mortgage lien granted to the Casales ($600,000).

According to the chapter 7 trustee, the total amount of the transfer at issue in Count II is

$847,225 and not, as defendants would have it, $220,000.

Defendants' mischaracterization of the claim asserted in Count II does not end

there.  They also would have us understand the trustee as claiming that the real property

debtor purchased from the Casales was worth $424,000.  This is not what the trustee

alleges.

Nowhere in the complaint does the chapter 7 trustee allege that the real property

had a reasonably equivalent value of $424,000.  To the contrary, the trustee made no

allegation in the complaint concerning what was the reasonably equivalent value of the

property.

Paragraph 26 of the complaint reads as follows:

The Casales have asserted a secured claim against the Real
Property pursuant to the Mortgage and Note.  The Casales
have filed a Proof of Claim (Claim No. 20) asserting a secured
claim of $783,530.  In addition, in their motion seeking relief
from stay (Docket # 20), they assert a secured claim of
$832,747.90 and again allege the Real Property to have a
value not exceeding $424,000.

- 13 -

As we  understand this paragraph of the complaint, the chapter 7 trustee is *not* making a factual allegation that the property in question is worth $424,000.  To the contrary, the trustee is alleging that *the Casales* have alleged at various times in the bankruptcy case that the property had a value of $424,000.  This is a far cry from the trustee alleging that, in her opinion, the property has a reasonably equivalent value of $424,000 for purposes of the Fraudulent Transfer Act.

We conclude in light of the foregoing that defendants have not established that Count II of the chapter 7 trustee's complaint in this adversary action should be dismissed in accordance with Rule 12(b)(6).

### – COUNT III –

The chapter 7 trustee asserts in the complaint that, at the closing on January 7, 2004, debtor paid the sum of $30,000 to Turain Enterprises for certain equipment for operating the restaurant.  According to the trustee, debtor never executed an agreement granting Turain Enterprises a secured interest in the equipment.  The trustee requests a determination that Turain Enterprises does not have a secured interest in the equipment.

Defendants effectively concede that debtor did not execute a security agreement in which it granted Turain Enterprises a secured interest in the equipment. Notwithstanding this concession, defendants maintain that Count II should be dismissed pursuant to Rule 12(b)(6) because debtor's failure to do so does not entail that Turain Enterprises does not have a secured interest in the equipment.

According to defendants, a formal written security agreement executed by a debtor is not required in every instance for a creditor to have an enforceable secured

- 14 -

interest in property.  The "better and more practical view" is to view the transaction as a whole to see whether there are any writings by the debtor which evidence the debtor's intent to create a secured interest in collateral. *In the Matter of Bollinger Corp.*, 614 F.2d 924, 928 (3d Cir. 1980).

In support of their Rule 12(b)(6) motion as it pertains to Count III, defendants have produced numerous writings which, they maintain, ineluctably establish that debtor *intended* for Turain Enterprises to have a secured interest in the equipment it sold to debtor at the closing on January 7, 2004.  Defendants' argument lacks merit.

Defendants are asking this court to go well beyond the allegations of the complaint to decide in their favor with respect to Count III.  Once we do so, defendants continue, we have no alternative but to conclude that even though debtor did not execute a written security agreement, it obviously intended to do so.

We are not permitted at the present stage of this adversary action to go beyond the allegations of the complaint and consider evidence which, if admissible, purportedly demonstrates that the chapter 7 trustee is not entitled to any relief with respect to Count III of the complaint.  Defendants may yet carry the day and prevail on this point at trial. It would be premature, however, for us to consider such evidence within the context of a Rule 12(b)(6) motion to dismiss.

## – COUNT IV –

The chapter 7 trustee alleges in Count IV of the complaint that on January 7, 2004, debtor placed the sum of $50,000 into an escrow account under the control of defendants' counsel for the purchase of Turain Enterprises' liquor license for the

- 15 -

restaurant. According to the trustee, the liquor license sale agreement provided that in the event debtor failed to apply by March 30, 2004, to have the liquor license transferred from Turain Enterprises to it, funds in the escrow account could be applied to certain costs associated with the liquor license.

The chapter 7 trustee concedes that debtor failed to apply for a transfer of the liquor license by the prescribed date. When the trustee thereafter inquired as to the status of the funds in the escrow account, the trustee alleges, counsel for defendants advised the trustee that all but $3,460 of the funds had been expended and that this remaining amount would be used to pay his fee as defendants' attorney.

The chapter 7 trustee requests an accounting of all amounts that were withdrawn from the escrow account to determine whether the withdrawals were proper under the liquor license sale agreement. In addition, the trustee seeks an order directing defendants to turn over all amounts that were improperly withdrawn.

In support of their motion to dismiss, defendants assert that they "cannot decipher" the claim asserted in Count IV of the complaint. According to defendants, they cannot do so because the chapter 7 trustee did not identify a statute upon which the requested relief is based.

This justification for dismissing Count IV of the complaint is patently untenable. There is a reason why the trustee did not cite to a statute in support of the claim set forth in Count IV: the claim asserted therein is not based on any statute. An accounting essentially is an equitable remedy, not a statutory one. The right to such a remedy generally arises from a defendant's possession of money or property which, due to some

particular relationship between the parties, the defendant is obliged to surrender. *American Air Filter, Inc. v. McNichol*, 527 F.2d 1297, 1300 (3d Cir. 1975).

As an obvious afterthought, defendants also assert that the trustee should be required to amend the complaint to provide a more definite statement in support of Count IV of the complaint. According to defendants, the cause of action set forth in Count IV is impossible for them to "decipher" in a way that would enable them to file a responsive pleading.

Defendants' assertion that they cannot "decipher" Count IV of the complaint is unabashed hyperbole.

A party may request a more definite statement before interposing a responsive pleading when the pleading to which a responsive pleading is permitted "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading". Federal Rule of Civil Procedure 12(e). The party requesting a more definite statement "shall point out the defects complained of and the details desired". *Id*.

We have read Count IV of the complaint and have no difficulty understanding it. Contrary to what defendants assert, it would not be unreasonable to require them to respond to it. In our estimation, the allegations set forth in Count IV can be responded to with little or no difficulty. The allegations set forth therein provide defendants with sufficient notice to pass muster with respect to any concerns involving constitutional due process. Any questions defendants might have concerning the specifics of the allegations in Count IV should easily be remedied through discovery.

In light of the foregoing, we conclude that defendants' request to dismiss Count IV of the complaint also must be rejected.

An appropriate order shall issue.

_____**/s/**_____
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

Dated: **12/21/2006**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **PHILLIPS GROUP, INC.,** | : | **Bankruptcy No. 05-23166 BM** |
| | : | |
| | : | |
| **Debtor** | : | **Chapter 7** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **NATALIE LUTZ CARDIELLO, TRUSTEE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Adversary No. 05-3051 BM** |
| | : | |
| **PHILIP CASALE and LORRAINE** | : | **Doc. #11: Defendants' Motion To** |
| **CASALE, and TURAIN ENTERPRISES,** | : | **Dismiss Complaint To Determine** |
| **INC.,** | : | **Validity, Priority, And Extent Of** |
| | : | **Liens And For Other Relief** |
| **Defendants** | : | |

### ORDER OF COURT

**AND NOW**, this <u>**21st**</u> day of <u>**December**</u>, **2006**, for reasons set forth in the preceding memorandum opinion, it hereby is **ORDERED**, **ADJUDGED** and **DECREED** that the motion to dismiss this adversary action brought by defendants Philip Casale, Lorraine Casale, and Turain Enterprises, Inc. be and hereby is **DENIED** in its entirety.

Defendants **SHALL** file an Answer to the complaint within twenty (20) day of the date of this Order.

It is **SO ORDERED**.

_____
                **/s/**
              **BERNARD MARKOVITZ**
              U.S. Bankruptcy Judge

cm: Richard A. Finberg, Esq.
    Mary Bower Sheats, Esq.
    Robert P. Wendt, Esq.
    Natalie Lutz Cardiello, Esq.
    Office of United States Trustee